IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JUDITH HERZOG,

                Plaintiff,

   v.                                          MEMORANDUM AND ORDER

CITY OF WATERTOWN,                              07-cv-213-jcs

                Defendant.
_____

    On October 12, 2007 judgment was entered in the above entitled matter pursuant to verdict of the jury and stipulation of the parties in favor of plaintiff against defendant in the amount of $450,330.03 together with reasonable attorney's fees and costs.

    On October 25, 2007 defendant moved pursuant to Rules 50 and 59, Federal Rules of Civil Procedure, for judgment as a matter of law or in the alternative for a new trial.  These motions have been fully briefed and are ready for decision.  Plaintiff has also filed a motion for attorney fees which has been fully briefed.

FACTS

    A jury trial was held in the above matter on October 9-11, 2007 in said matter.  Plaintiff pursued the following three claims: that she was discriminated against on the basis of her age when she was laid off from her position in the water department on

September 26, 2003; that she was discriminated against on the basis of her age when she was not hired for the Account Clerk position in March 2004 and that she was discriminated against on the basis of her gender when she was not promoted to the position of Assistant Manager-Water.

The following evidence was presented. Regarding the layoff, plaintiff testified that Paul Lange told her on September 26, 2003 that her position had been eliminated. She further testified that Paul told her Mike Hoppenrath and the Mayor had made the decision. She also testified that she wrote a letter to Paul Lange on September 30, 2003 (Exhibit 40) asking why she was terminated and requesting another position with the City. Lange wrote plaintiff on October 15, 2003 advising her that her position was eliminated as a result of cutbacks within the Department. The letter also stated, "Per the City Code, you have recall rights to the financial supervisor position for one year." (Exhibit 41).

Exhibit 1 admitted at trial is the City's layoff policy for 2001-2004 which provided as follows:

> Should, in the opinion of the City, a reduction in personnel become necessary in any job classification, employee will be laid off based on a consideration of the employee's skills, abilities, qualifications, past performances, attitude, length of continuous service, as well as on a consideration of the efficient operation of the City. Employees affected by the reduction in personnel in their job classification may be transferred to, or allowed to replace employees in, other equal or lower-paying job classifications.

> Those employees who are laid off will have recall rights for a period of one year and will be recalled based on the considerations listed above. (Section 4.22 of the City Code.)

On November 10, 2003 plaintiff received a letter from the Mayor John David affirming the decision to eliminate her position. (Exhibit 47). In that letter he stated that it was Paul Lange's decision to eliminate her position.

There was evidence presented that plaintiff who was 48 years old was laid off after 13 years of outstanding performance in positions of increasing responsibility. Defendant admitted at the time of her lay-off that plaintiff was meeting its job expectations. Evidence was also presented that two younger, less experienced employees, Lori Bachler and Donna Christian were retained (in violation of the lay-off policy).

Regarding plaintiff's claim that she was not hired for the Account Clerk position, the following evidence was presented. In March 2004 the City of Watertown advertised for Account Clerk Position in the Clerk/Treasurer's Office. Based on the ad for this position plaintiff was qualified for the position. Although the City had the recall policy described herein plaintiff was not recalled for this position.

The City received 42 applications and tested thirty-two applicants. Fourteen applicants were interviewed by Michael Hoppenrath, Cindy Ruppecht and Dawn Schumacher. Plaintiff was

tested and interviewed but was not one of the top five candidates. The woman hired for the position was younger than plaintiff.

Regarding the City's failure to hire plaintiff for the Assistant Manager position the following evidence was presented. At the time Richard Kirschner was hired for the position there was no position job description. There was testimony that the position was a supervisory position rather than a field position. Mr. Kirschner testified that he was told by Mr. Lange that his duties would be more managerial than field work. Plaintiff had supervisory experience and Kirschner had practical experience. Kirschner was hired for the position which was not advertised. Paul Lange did not consider plaintiff for the position but had considered other male employees.

During the presentation of the evidence a note was submitted from the jury asking as follows, "Can we take notes?" The Court answered, "Yes." The jury also asked about a job description. To which the Court advised the exhibit would be provided along with all others when the trial was concluded. (R1-190).

On October 10, 2007 at the conference prior to the second day of trial argument was heard on defendant's motion pursuant to Rule 50, Federal Rules of Civil Procedure after which the Court denied the motion stating that the jury could reasonably return a verdict for either party. (R.2-11).

Upon the completion of the presentation of evidence and after closing arguments the Court instructed the jury on the law. The jury then adjourned to deliberate.

During deliberations on liability the jury asked: "Is it legal to ask someone's age on a job application?"(10/10/07 2:55 p.m.). The Court responded. "Members of the jury the above is not an issue before you and not relevant."

The jury then asked, "What happens if the jury is unanimous on 2 of the 3 counts? But are having trouble getting the third count settled?"(10/10/07 at 4:20 p.m.). The Court addressed the jury in open court, reread the instruction on jury deliberations and asked that the jury return to the jury room and continue their deliberations.

The jury then asked, "Can we change our foreperson?" (10/10/07 at 4:45 p.m.) The Court responded, "Yes, you may." At 5:00 p.m. the jury advised that Douglas C. Lloyd will be the foreman and the jury had reached a verdict.

The jury returned a verdict finding as follows that the defendant discriminated against plaintiff on the basis of her age when it laid her off from her position in the water department on September 26, 2003; that the defendant discriminated against plaintiff on the basis of her age when it did not hire her for the Account Clerk position in March 2004 and that the defendant

discriminated against her on the basis of her gender when it did not promote her to the position of Assistant Manager-Water.

Attached to the verdict was the following note, "Jury respectfully recommends that City of Watertown administrators and staff receive training in hiring practices, affirmative action, harassment and cultural sensitivity." The Court discussed the note with counsel at the beginning of the damages trial the next day. Defendant moved for a mistrial based on the note from the jury. The Court denied the motion for mistrial finding that it was not the appropriate remedy. The Court specifically stated, "They're saying this is why they found as they did."

During the damages phase of trial the following evidence was presented. Plaintiff testified that she was very hurt and that it was difficult for her emotionally not to have a job. She also testified that it had been a financial burden and that she was very stressed about not having a job which caused her sleeplessness.

Cindy Rupprecht testified for the city. Plaintiff's counsel objected to questions concerning the interview process as cumulative. The Judge sustained her objection. Defendant's counsel argued in a bench conference that the questions went to wilfulness. The Court found that the previous testimony of the witness could be used as it related to willfulness and that further testimony would be cumulative. The defendant's counsel then asked Rupprecht whether she believed she was violating the law and she

6

answered, "Definitely not." Rupprecht testified that "We were simply looking for the person believed to be the best candidate for the position to serve our citizens."

Mr. Hoppenrath testified that he did not believe he violated any law or policy in the process of hiring the account clerk or in laying off plaintiff from her position. Mr. Lange also testified that he did not violate any law or policy concerning plaintiff's lay-off.

There was evidence in the record (Exhibit 87) that Mayor John David and Mike Hoppenrath did not receive any training on preventing age discrimination in the employment context.

In her closing argument plaintiff's counsel stated, "If you believe she suffered emotional distress you will award her money damages because she would appreciate that, clearly. But whatever you decide, we respect your judgment." In her closing argument defendant's counsel read the wilfulness instruction to the jury. She also argued that plaintiff was not entitled to any compensatory damages because she had not previously disclosed that she was seeking damages for the City's failure to hire her for the Assistant Manager-Water.

The Court instructed the jury to include the following two instructions:

> **WILLFULNESS**
> A violation of the Age Discrimination in Employment Act is willful if the defendant either knew or showed reckless disregard for

>its conduct which was prohibited by the Act. A violation is willful if it is done voluntarily, deliberately and intentionally and not by accident, inadvertence or ordinary negligence.
>
>**COMPENSATORY DAMAGES**
>Plaintiff is entitled to recover damages in an amount which will reasonably compensate her for losses sustained as a result of the defendant's unlawful conduct.  You may award plaintiff reasonable compensation for emotional pain and suffering.
>
>There is no exact standard for fixing the compensation to be awarded for these elements of damage.  Any award you make should be fair in light of the evidence presented at the trial.
>
>In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense.  You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation or guess work.  On the other hand, the law does not require that plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

During the jury deliberations the jury submitted the following questions: "1. May we get Judy's salary at the time of her job termination? 2. We also need packet of Judge's instructions for deliberations." (10/11/07, 12:40 p.m.). The note was signed by the foreman and two other jurors. The court responded as follows, "Members of the jury here are the instructions which you have requested. Plaintiff's salary at the time of her termination is not available."

At 1:50 p.m on October 11, 2007, the jury returned a damages verdict finding the defendant's conduct willful concerning plaintiff's lay-off and the account clerk position and awarded her $228,000.00 in compensatory damages.

The Court then commenced a court trial on the remaining damages issue. At that point plaintiff informed the Court that it was requesting only damages as to her gender discrimination claim concerning the Assistant Manager-Water position (R.3-92). That choice made the jury's determination of wilfulness unnecessary for the determination of damages. The parties stipulated to the amount of $147,330.03 as the back pay for that position together with $75,000.00 front pay. The Court then entered judgment in the amount of $450,330.03, the total of the stipulated amount of back and front pay together with the jury's award of compensatory damages.

MEMORANDUM

**DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW-LIABILITY**

Defendant moves for judgment as a matter of law under Rule 50, Federal Rules of Civil Procedure, on plaintiff's three claims. In deciding a motion for judgment as a matter of law under Rule 50(b), Federal Rules of Civil Procedure, the Court must determine whether the evidence presented, combined with all reasonable inferences permissibly drawn therefrom, is sufficient to support the verdict.

Hossack v. Floor Covering Associates of Joliet, Inc., 492 F. 3d 853 (7th Cir. 2007).

1) **Age discrimination claim concerning Lay-Off**

There is evidence in the record that plaintiff was laid off even though she had good performance evaluations and that two younger, less-experienced employees were not laid off. There is evidence that her lay-off was not consistent with the City's lay-off policy. There is also conflicting evidence as to who made the decision to lay-off plaintiff. Paul Lange told her it was the Mayor and Mike Hoppenrath and the Mayor told her Paul Lange made the decision. The jury could have reasonably found that plaintiff's lay-off was not according to the City's policy and that two younger employees were not laid off. It could have drawn the reasonable inference that plaintiff was laid off because of her age. Defendant's Rule 50 motion on this claim will be denied.

2) **Age discrimination claim concerning Account Clerk Position**

There is evidence that the Account Clerk position became available within a year of plaintiff's lay-off. There was conflicting testimony as to whether the City's lay-off policy required plaintiff to be recalled to this position. The jury could have reasonably found that plaintiff should have been recalled to the position based on the policy. There is evidence that she was qualified for the position and that a younger person was hired. Mike Hoppenrath had participated in the previous lay-off decision

of plaintiff and the decision not to hire her for the Account Clerk position. The jury could have reasonably inferred that plaintiff was not hired for the position because of her age. Defendant's Rule 50 motion on this claim will be denied.

3) **Gender discrimination claim concerning Assistant Manager-Water**

There was evidence presented that Paul Lange decided to hire Richard Kirschner for the Assistant Manager-Water position without advertising the position and without a written job description for the position. Because there was no job description there was conflicting testimony about the duties of the position. There was testimony that the position was more a supervisory position than a field position. Plaintiff had supervisory experience. Kirschner had practical experience. Plaintiff was not considered for the job. The jury could have drawn a reasonable inference that Paul Lange did not hire plaintiff for the position because she was a woman. Defendant's Rule 50 motion on this claim will be denied.

The evidence presented at trial, combined with all reasonable inferences permissibly drawn therefrom, is sufficient to support the jury's liability verdict. Accordingly, defendant's motion for judgment as a matter of law on liability will be denied.

**DEFENDANT'S MOTION FOR A NEW TRIAL-LIABILITY**

In the alternative, defendant seeks a new trial on liability because the verdict is against the clear weight of the evidence.

In deciding defendant's motion for a new trial pursuant to Rule 59, Federal Rules of Civil Procedure, the Court must consider whether the verdict was against the great weight of the evidence, the damages are excessive or the trial was unfair to the moving party. Forester v. White, 846 F. 2d 29 (7th Cir. 1988).

Defendant argues that its motion for a new trial should be granted because the verdict is against the great weight of the evidence and because of jury confusion. As stated above the evidence together with the reasonable inferences drawn therefrom support the verdict of liability on plaintiff's three claims. The verdict is not against the great weight of the evidence.

Defendant argues that the trial was unfair because of jury confusion and the jury's failure to follow the Court's instructions. Defendant argues that the nature of the jury's notes, the timing of the questions and the recommendation provided by the jury with the verdict support its argument.

Specifically, defendant argues that the changing of the jury's foreman after informing the Court that it was unable to reach an agreement on the third count could only mean the "only hold out to the unanimous verdict would only change her vote if she did not have to sign the verdict as the foreperson." (Defendant's Brief at p.27). This argument is speculative. Defendant cannot know what occurred in the jury room. The changing of the foreperson does not

suggest any confusion or failure to follow instructions by the jury.

Defendant couples its argument about jury confusion with an argument that the jury did not follow the Court's instructions. Defendant bases this argument on its conclusion that the evidence presented was legally insufficient to support its verdict. As the Court has found the evidence presented was legally sufficient to support the jury's verdict and the Court concludes that it followed the law.

Although this jury asked more questions than some and provided its opinion when not requested to do so, its verdict was supported by the evidence. Any conclusion that the jury was confused would be speculative at best. The jury's conduct did not render the trial unfair to the defendant. Accordingly, defendant's motion for a new trial on liability will be denied.

Defendant also argues that the jury verdict should be set aside because the Court ruled in limine to exclude the Carlson-Dittman Report (Exhibit 233) which delineated the actual job duties of the Assistant Manager-Water position as of June 2004. This job description was not in existence at the time of the decision to hire the person for the position in September 2003 and was properly excluded.

**DEFENDANT'S MOTION FOR A NEW TRIAL-DAMAGES**

Defendant argues that it is entitled to a new trial on the issue of whether its conduct was willful. According to the arguments presented by counsel at the court trial on damages after the jury returned its damages verdict, plaintiff had already chosen to receive damages only as to her gender discrimination claim concerning the Assistant Manager-Water position. Because of this any testimony concerning wilfulness and the jury's verdict concerning wilfulness were not material to the judgment which related to plaintiff's age discrimination claims and not gender.

Further, the parties stipulated to the amount of front and back pay that plaintiff received as a result of gender discrimination. Any argument that defendant was entitled to a new trial on wilfulness lacks legal merit because no damages were awarded plaintiff on her age discrimination claims.

Defendant next argues that it is entitled to a new trial on the issue of compensatory damages because the damages award is excessive. To determine whether a damage award is excessive, the Court must decide whether the award is monstrously excessive, whether there is no rational connection between the award and the evidence and whether the award is roughly comparable to awards made in similar cases. <u>Tullis v. Townley Engineering and Manufacturing Co.</u>, 243 F.3d 1058, 1066 (7th Cir. 2001).

The evidence concerning plaintiff's compensatory damages presented at trial is as follows: Plaintiff testified that she was very hurt and that it was difficult for her emotionally not to have a job. She also testified that it had been a financial burden and that she was very stressed about not having a job which caused her sleeplessness. There was no medical evidence presented.

Defendant first argues that there is nothing in the record to suggest that plaintiff suffered these damages because of her failure to receive the Assistant Water-Manager position. Defendant contends that these damages resulted from her lay-off. An inference could be drawn, however, that had she received the Assistant Manager-Water position she would not have suffered any emotional stress since the lay-off and the failure to be hired happened at the same time. The Court finds that plaintiff suffered some damages for pain and suffering as a result of defendant's failure to hire her for the assistant Manager-water position.

The jury was instructed to award plaintiff reasonable compensation for emotional pain and suffering. The jury's award of $228,000 is not reasonable compensation for the pain and suffering to which plaintiff testified. The jury was not instructed to consider lost wages in its verdict. The amount of the award together with a question during deliberations concerning plaintiff's salary suggests that it may have included lost wages in its award.

The Court also considers whether the award is comparable to awards in similar cases. In Ramsey v. American Air Filter Co. Inc., 772 F. 3d 1303, 1313 (7th Cir. 1985), the Court reduced a compensatory damage award from $75,000 to $35,000 finding that the award was excessive because plaintiff had not been treated for emotional harm or been depressed for any sustained period of time. In Deloughery v. City of Chicago, 422 F.3d 611 (7th Cir. 2005), the Court affirmed the District Court's remittitur of a $250,000.00 jury award for emotional distress to $175,000.00 in a discrimination case.

Based on these two cases in which plaintiffs did not present medical testimony of emotional stress and this plaintiff's testimony concerning her emotional pain and suffering the Court finds that an award of $100,000.00 is reasonable in this case and comparable to similar cases.

As the Court stated in Pinner v. Schmidt, 805 F.2d 1258, 1265 (5th Cir. 1986), cert. den., 483 U.S. 1022 (1987), "Despite the excessiveness of the award, however, we believe it is appropriate for us to order a conditional remittitur so as to avoid, if possible, a second trial." See Haluschak v. Dodge City of Wauwatosa, 909 F.2d 254, 256-57 (7th Cir. 1990).

Accordingly, a remittitur will be entered where defendant is granted a new trial on compensatory damages unless plaintiff accepts an award of $100,000.00 in compensatory damages. In the

16

event plaintiff fails to accept this remittitur by January 15, 2008 a new trial on compensatory damages will be immediately rescheduled.

Plaintiff's motion for attorney fees and costs will not be addressed until final judgment is entered in this matter.

ORDER

IT IS ORDERED that defendant's motion for judgment as a matter of law pursuant to Rule 50, Federal Rules of Civil Procedure, is DENIED.

IT IS FURTHER ORDERED that defendant's motion for a new trial pursuant to Rule 59, Federal Rules of Civil Procedure, on liability is DENIED.

IT IS FURTHER ORDERED that plaintiff's new trial pursuant to Rule 59, Federal Rules of Civil Procedure, on the issue of wilfulness is DENIED.

IT IS FURTHER ORDERED that defendant's motion for a new trial on compensatory damages pursuant to Rule 59, Federal Rules of Civil Procedure is GRANTED unless the aforesaid remittitur of $100,000.00 is accepted by plaintiffs not later than January 15, 2008.

Entered this 14th day of December, 2007.

BY THE COURT:

/s/

_____
JOHN C. SHABAZ
District Judge