IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**JUDITH HERZOG**,

      **Plaintiff,**

v.

                                    Case No. 07 C 0213 S

**CITY OF WATERTOWN,**

      **Defendant.**

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S SUPPLEMENTAL FEE AND COST PETITION**

Many of the generic attacks contained in Defendant's Opposition to Plaintiff's Supplemental Fee Petition were addressed in Plaintiff's Reply to Defendant's Opposition to her Initial Fee Request. She therefore limits this Reply to the following points:

**1. Defendant's Contention That the Plaintiff Should Not Be Compensated for the $417.60 She Paid for the Transcript of the Three Day Trial Is Without Merit.**

The Defendant objects to Plaintiff's request that she be reimbursed for the cost of a trial transcript which cost Plaintiff, $417.60. Prior to the time Defendant ordered the trial transcript, Plaintiff attempted to save money by ordering a $26.00 CD of the trial, instead of purchasing the original transcript of the trial. It was only after the Defendant ordered the transcript, at a cost of more than two thousand dollars, that the Plaintiff ordered a copy at a much cheaper rate. Plaintiff believes that the trial transcript at $.90 per page was a reasonable expenditure, and expedited her preparation of Plaintiff's Opposition to Defendant's Post-Trial Motions.

**2. There is No Merit to Defendant's Contention That the Plaintiff Should Be Denied Fees for Most of the Time Her Counsel Devoted to (1) Opposing the Defendant's Post Trial Motions, (2) Replying to Defendant's Opposition to Her Petition for Fees and Costs, and (3) Plaintiff's Supplemental Fee Petition.**

Defendant requests that the Court reduce the amount of Plaintiff's supplemental fee request **by more than 85 percent**, contending that this was a "simple, straightforward case" which Plaintiff over lawyered.  However, while the Defendant argues for a dramatic reduction in fees, particularly those of lead counsel Marilyn Townsend, it never provides the court with any reasoned analysis as to how many hours it believes Ms. Townsend should have expended on this case, given the fact that this was Ms. Townsend's first jury trial in federal court in her entire 28-year legal career, and the fact that Ms. Townsend's hourly rate is only $275 per hour.

The Plaintiff submits that the time claimed in her supplemental fee petition for the post-trial submissions prepared by attorneys Marilyn Townsend and Frederick Wade was reasonable under the circumstances.  In fact, it would have been irresponsible for her counsel to have devoted as little time as the Defendant suggests in defense of a judgment and fee request worth more than $800,000.00.

Defendant objects to the combined hours of Ms. Townsend and Mr. Wade in preparing Plaintiff's Opposition to Defendant's Post Trial Motions.  Their hours totaled 98.85 and covered the period between October 30 and November 19, 2007.

While ultimately it is for the court to determine, Plaintiff believes that her counsels' submissions to the court reflect careful preparation, careful editing and a thoughtful attempt to be as concise as possible, so as not to waste the court's time.  While counsel was striving to carefully edit the briefs, they also had to be mindful that a failure to respond to the scattergun attacks raised by the Defendant might be viewed by the court as a concession of a material fact. Such careful briefing takes time.  Moreover, in reviewing these submissions, counsel is cognizant of the fact that they are not perfect and could have warranted additional time.

The Defendant repeats an earlier criticism that all of Ms. Townsend's hours for a particular day should be disallowed because Ms. Townsend's fee statement reflects that she hand-delivered Plaintiff's response to the Court for filing. The Defendant is aware that Ms. Townsend's office is less than a five minute walk from the court house. Under such circumstances and given the fact that Ms. Townsend does not have full-time staff, it is not unreasonable, that Ms. Townsend would file such important documents herself.

The Defendant also seeks to disallow much of Ms. Townsend's time on the theory that she engaged in "block billing." First, block-billing "is not a prohibited practice," *Farfaras v. Citizens Bank and Trust of Chicago*, 433 F. 3d 558, 569 (7th Cir. 2006). Moreover, Plaintiff disputes that Ms. Townsend engaged in block billing. Ms. Townsend's entries reflect that on separate days, she worked on Plaintiff's Opposition to Defendant's Post Trial Motions. After this document was filed, she worked on Plaintiff's Reply to Defendant's Opposition to Plaintiff's Fee Petition and after this document was filed, she worked briefly on a Supplemental Fee Petition.

The Defendant also objects to the combined hours of Ms. Townsend and Mr. Wade for preparing Plaintiff's Reply to Defendant's Opposition to Plaintiff's Petition for attorney's Fees and Costs which totaled 64.50 hours. The Plaintiff believes that the time counsel devoted to responding to Defendant's attacks on her fee and costs request was appropriate and reasonable given the breadth and number of the Defendant's attacks on the request, and the amount of fees at risk.

In this regard, the Defendant's Opposition to the Plaintiff's initial fee request was a blunderbuss attack which belies Defendant's attempt to portray this case as a simple matter. In preparing her thirty-nine page Reply, Plaintiff's counsel was required to devote substantial time to

reviewing the records of both the administrative proceeding and the court trial, in order to select examples for the court, of the conduct and tactics of the Defendant, which forced counsel to spend countless hours pursuing discovery and responding to Defendant's attempts to dismiss the case. The brief was supported by a detailed Affidavit from Ms. Townsend. The Affidavit attached exhibits which were carefully selected to illustrate the challenges Plaintiff's counsel faced in overcoming Defendant's tactics and obtaining a successful verdict.

Plaintiff believes that the time set forth in her Supplemental and Initial Fee Petitions was expended by her counsel on the basis of good faith judgments, that the time invested was necessary and reasonable, and with an acute understanding that a failure to do what was necessary, at any stage of the litigation, would jeopardize the possibility of any recovery for the Plaintiff.

Dated: January 31, 2008, in Madison, Wisconsin.

Respectfully Submitted,

/s/ MARILYN TOWNSEND

_____

Marilyn Townsend
Robert J. Kasieta
Counsel for Complainant

122 West Washington Avenue, Ste. 740
Madison, WI 53703
Tele: (608) 255-5111 / Fax: (608) 255-3358
mtownlaw@execpc.com

KASIETA LEGAL GROUP, LLC
7818 Big Sky Drive, Suite 112
Madison, WI 53719-4983

## Certificate of Service

I certify that on this 31st day of January, 2008, the foregoing **Plaintiff's Reply to Defendant's Opposition to Plaintiff's Supplemental Fee Petition** was sent by email and first class mail to:

| | |
|---|---|
| **Mary Nelson, Attorney** | **MNelson@CrivelloCarlson.com** |
| **Amy Doyle, Attorney** | **ADoyle@CrivelloCarlson.com** |
| **Crivello & Mentkowski** | |
| **710 North Plankinton Avenue** | |
| **Milwaukee, Wisconsin 53203** | |

_____
Marilyn Townsend