IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JUDITH HERZOG,

                                                                                   ORDER

                    Plaintiff,

                                                                07-cv-213-jcs

    v.

CITY OF WATERTOWN,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Because Judge Shabaz will be convalescing from shoulder surgery for an extended period, I have assumed administration of the cases previously assigned to him, including this one. A jury trial was held in this case before Judge Shabaz from October 9 through October 11, 2007. Plaintiff pursued the following claims: she was laid off from her position in the water department because of her age; she was not hired for the Account Clerk position because of her age; and she was not promoted to the position of Assistant Manager-Water because of her sex.

      The jury found for plaintiff on each claim and awarded her $228,000.00 in compensatory damages. The parties stipulated to $147,330.03 of back pay and $75,000 of front pay. Judge Shabaz entered judgment in favor of plaintiff against defendant in the

1

amount of $450,330.03. In an order dated December 14, 2007 Judge Shabaz denied defendant's motion for judgment as a matter of law. However, he agreed with defendant that the compensatory damages award was excessive and gave plaintiff the option of accepting a remittitur of $100,000 or a new trial on damages. Plaintiff accepted the remittitur and on January 18, 2008 an amended judgment was entered in favor of plaintiff against the defendant in the amount of $322,330.03. Defendant appealed the judgment to United States Court of Appeals for the Seventh Circuit.

Now before the court is plaintiff's original and supplemental motions for attorney fees and costs and pursuant to 42 U.S.C. § 2000e-5(k). Plaintiff seeks an original award of $504,152.00 in attorney fees and $11,217.93 in costs. She also seeks supplemental attorney fees of $44,871.25 and costs of $562.58 that were incurred after the trial in this case.

OPINION

A. Original Fee Petition

Plaintiff bears the burden of demonstrating that the requested fees and costs are reasonable and necessary. Hensley v. Eckerhart, 461 U.S. 424 (1983). As a starting point for the calculation of reasonable fees, the court looks at the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate, often called the "lodestar fee." Bankston v. State of Illinois, 60 F.3d 1249, 1255 (7th Cir. 1995). The lodestar fee

2

may be adjusted downward if the fees are excessive, duplicative, unreasonable or lacking sufficient detail. Hensley, 461 U.S. at 43.

Plaintiff requests attorney fees for Marilyn Townsend in the amount of $379,046, for Robert Kasieta and his new associates in the amount of $34,656 and for Frederick Wade in the amount of $90,450. Defendant objects to the reasonableness of the time spent by plaintiff's lawyers on numerous grounds. For the reasons discussed below, plaintiff's motion for attorney fees and costs will be granted in part and denied in part.

1. Hourly rates

Initially, defendant objects to the hourly amount requested by Kasieta's associates of $300.00 an hour and asserts that a more appropriate rate is $130.00 an hour, the rate billed by Jeff Scott Olson's new associate. (Aff. of Jeff Scott Olson, ¶10, dkt. #116). Plaintiff has advised the court that it will accept defendant's recommendation that Kasieta's associates be reimbursed art the rate of $130 an hour. Adjusting the hourly rate for Kasieta's associates results in a reduction by $1,037 of the fees requested by Kasieta.

2. Overlawyering and Wade's allegedly duplicative fees

Defendant requests that plaintiff's total requested attorney fees be reduced by 300 hours because of overlawyering. This request is too vague and I will deny it. However, I

3

agree with defendant's specific objection to the 402 hours billed by Wade as duplicative. The fees requested for Wade are for the same tasks for which Townsend and Kasieta have also requested fees. Accordingly, I will disallow the $90,450 requested in the original petition for Wade's time, which includes the time he spent in the Equal Rights Division proceedings together with the time he spent in pretrial and trial preparation in this court. (Because I am deducting all of Wade's fees from plaintiff''s petition, it is unnecessary to consider defendant's objections to specific work that Wade performed.)

3. Fees for tasks performed during Equal Rights Division proceedings

Defendant makes multiple objections concerning the fees incurred during the Equal Rights Division proceedings. First, defendant contends that plaintiff cannot recover these fees because she did not identify them in her complaint. However, defendant cites no authority that required plaintiff to itemize her attorney fees in a pleading. Because I may allow the prevailing party attorney fees for legal services performed in prosecuting an employment discrimination claim in state administrative proceedings, as well as in judicial proceedings, Ciechon v. City of Chicago, 686 F.2d 511, 515 (7th Cir. 1982), these fees are not categorically barred.

Second, defendant objects to the amount of time devoted to work performed during the administrative proceedings: (1) 20.35 hours for drafting the administrative complaint;

4

(2) 19.8 hours for drafting discovery requests; and (3) 22.95 hours for drafting a motion to compel. I find that 20.35 hours for drafting the complaint for the Equal Rights Division is excessive because preparing the complaint itself is not a time-consuming task. I will reduce the time by 10 hours to 10.35 hours. On the other hand, I am persuaded by plaintiff's arguments that the time she requests for preparation of discovery requests and motion to compel was reasonable because of the additional work caused by defendant's evasive answers to plaintiff's initial discovery requests.

4. Preparation of federal complaint

I agree with defendant that 104.1 hours is an excessive amount of time to claim for drafting the federal complaint. Because Townsend had been working on the case in the Equal Rights Division, she was familiar with the claims. Accordingly, I will reduce this amount by 50 hours, allowing plaintiff 54.1 hours for Townsend's preparation of the federal complaint.

5. Time spent on summary judgment motions

Plaintiff requests fees for 171.9 hours for time Townsend spent preparing her motion for partial summary judgment and her response to defendant's motion for summary judgment. This request includes 55.3 hours to prepare plaintiff's motion for partial

summary judgment, 63.6 hours to prepare her response to defendant's motion and 53 hours to prepare a reply brief. The 53 hours to prepare the reply were excessive given the time already spent on the motion and the response. I will disallow 33 hours of Townsend's requested time for preparation of the reply brief and award plaintiff fees for the 138.9 hours attorney Townsend spent working on the summary judgment motions.

6. Discovery

Defendant objects to the 47.7 hours plaintiff spent on preparation of her requests for admissions. I agree that this is an excessive amount of time to spend on preparing requests for admissions. Therefore, I will reduce it by 20 hours.

Defendant objects to the duplication of plaintiff's lawyers efforts in preparing and attending depositions. Because I have already disallowed the hours requested by Wade, I find that the remaining hours requested by Townsend and Kasieta are not unreasonable. Defendant also objects to the 28.8 hours spent by defendant Townsend "digesting" depositions that she attended. I find this amount of time is unreasonable and will reduce it by half, allowing plaintiff fees for 14.4 hours of this time.

7. Open records request

Defendant objects to 50.69 hours spent by Townsend and .20 hours spent by Kasieta

6

on open records requests because they were duplicative of prior discovery requests. I will deny plaintiff's request for fees for this time because the open records requests sought the same information as plaintiff's Interrogatories and Requests for Production of Documents.

8. Client contacts

Defendant objects to the fee for 343.1 hours that Townsend is requesting for her time spent on client contacts. From September 2003 through April 2007, Townsend communicated with plaintiff 92 times on the telephone and 20 times in person. Plaintiff contends that these contacts were necessary for three reasons: 1) plaintiff and her husband were familiar with the case and could provide helpful information; 2) Townsend had an ethical obligation to keep her client informed and to obtain her consent; and 3) Townsend had to alleviate plaintiff's emotional distress. These reasons do not justify the excessive amount of fees requested for client contacts. Daley v. Hill, 790 F.2d 1071, 1080 (4th Cir. 1986) (time spent on conference with clients, although important, is not compensable because prevailing attorneys did not carry burden of proving entitlement to fees and failed to illuminate way in which those hours aided their preparation of the case) I will reduce the amount of fees for the hours spent on client contacts to 143 hours.

9. Miscellaneous objections

Finally, defendant objects to numerous entries that it believes were for time billed for tasks that were vague or lacked specification, for various tasks that were unbillable or administrative in nature and for miscellaneous duplicative billing. I have reviewed these entries and find them to be reasonable.

10. Costs

Plaintiff requests $11,217.93 in costs. Defendant objects to the following costs: $64.16 for lawyer's lodging; $378 for retrieval of emails; $90 for deposition subpoenas for two depositions that did not take place, $270 for trial subpoenas for witnesses that were not called at trial, and $585 for lawyer's mileage. Costs for lodging and mileage for lawyers and for retrieval of e-mails are not allowable costs under 28 U.S.C. § 1920. In addition, costs for subpoenas for witnesses that were not called and for depositions that did not take place are not recoverable. These costs will be deducted from the costs requested.

Defendant also objects to photocopying charges. Specifically, defendant objects to $635.44 for copying open records request documents because this cost duplicates the costs of photocopying the same documents received through discovery requests. I will not allow plaintiff to recover this cost. The remaining photocopying charges will be allowed. Townsend's request for cost will be reduced by $1,387.16 to $9,830.77

In conclusion, after the reductions discussed above, I will award plaintiff attorney fees

8

with respect to her original fee petition in the amount of $275,043.75 for Marilyn Townsend and $33,554.00 for Robert Kasieta and costs of $9,830.77.

## B. Supplemental Fee Petition

Plaintiff requests supplemental attorney fees for time spent after trial in the amount of $30,291.25 for Townsend and $14,580 for Wade and $562.58 in costs. Defendant contends that Townsend and Wade duplicated their efforts in opposing defendant's posttrial motions, replying to defendant's opposition to her fee petition and motions after verdict and preparing a supplemental fee petition and that the overall hours requested are unreasonable. After reviewing plaintiff's posttrial submissions as well as her supplemental fee statements, I conclude that the requested supplemental fees and costs are reasonable.

## ORDER

IT IS ORDERED that plaintiff Judith Herzog's motion for attorney fees and costs is GRANTED IN PART and DENIED IN PART. Plaintiff is awarded $353,469.00 in attorney

9

fees and $10,393.35 in costs.

    Entered this <u>21st</u> day of April, 2008

                      BY THE COURT:

                      /s/

                      BARBARA B. CRABB
                      District Judge